NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

David NASH,

        Plaintiff,

v.

STATE OF NEW JERSEY, et al.,

        Defendants.

Civ. No. 11-3409

OPINION

RECEIVED
MAY 24 2012
AT 8:30_____M
WILLIAM T. WALSH
CLERK

THOMPSON, U.S.D.J.

    This matter has come before the Court on Defendants', Jamie Distefano, Officer Pedre,[1] and Greg Bartowski (collectively, "the Prison Officials"), Motion to Dismiss [docket # 18] for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff David Nash opposes this motion [19]. The Court has decided this motion after considering all of the parties' submissions and without oral arguments pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, the Prison Official's motion will be granted in part and denied in part.

I.    BACKGROUND

    Plaintiff, a prisoner currently incarcerated at New Jersey State Prison in Trenton, New Jersey, filed suit in this case alleging several different causes of action arising under either New Jersey state law, 42 U.S.C. § 1983, or 42 U.S.C. § 1985. On September 7, 2011, the Court issued an Order [5], which dismissed numerous Defendants in the above-captioned case. Five Defendants currently remain in this case: the three Prison Officials listed above, along with two physicians that treated Plaintiff's injuries. Only the actions of the three Prison Officials are

---

[1] Officer Pedre's first name is not identified in the Complaint and it has not been provided by any of the parties.

1

relevant to this current motion, and therefore only those facts pertinent to claims against the Prison Officials will be discussed.

For purposes of deciding this motion, the Court accepts as true all of the well-pleaded factual allegations contained in the Plaintiff's Complaint. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Moreover, the Court interprets Plaintiff's *pro se* submissions liberally and in the light most favorable to him. *See Erickson v. Pardus*, 551 U.S. 89 (2007).

There are two separate situations that provide the basis for Plaintiff's claims against the Prison Officials. First, on October 10, 2010, Plaintiff was attacked in the mess hall of New Jersey State Prison by another inmate. (Compl. ¶ 20). During this attack, a "code 33" was called, which indicates to other prison guards that a fight is in progress. (*Id.* ¶ 21). When ten to fifteen correction officers arrived at the mess hall, they refused to enter in order to protect Plaintiff for fear of their own safety. (*Id.*). This incident led to internal disciplinary charges being filed against Plaintiff, and Plaintiff was placed into administrative segregation as a result. (*Id.* ¶ 25). Defendant Bartowski is alleged to have been deliberately indifferent toward Plaintiff's health and safety by failing to protect Plaintiff during the course of this attack. (*Id.* Count One). Plaintiff filed a grievance with state officials as a result of this incident.[2] (*Id.* Exahustion of Administrative Remedies and ¶ 34).

Second, after Plaintiff filed his grievance, he was allegedly subjected to retaliatory treatment by the Prison Officials. Bartowski came to Plaintiff's cell and stated to Officers Distefano and Pedre to "take care of business," which Plaintiff alleges meant that Bartowski wanted Distefano and Pedre to "harass, torment and intimidate [P]laintiff." (*Id.* ¶¶ 35–36). After several weeks of this retaliation, which included verbal harassment, Distefano and Pedre entered

---

[2] It is unclear with whom this grievance was filed—i.e., it is unclear whether this grievance was filed internally with the prison or with the state Attorney General's Office.

into a conspiracy to confiscate Plaintiff's television. (*Id.* ¶¶ 37–38). On February 27, 2011, Pedre ordered Plaintiff's cell-mate out of the cell and then ordered Plaintiff to turn over his television. (*Id.* ¶ 39). When Plaintiff refused, Pedre threw Plaintiff to the floor, placed Plaintiff in handcuffs, and caused Plaintiff's television to be destroyed. (*Id.* ¶¶ 38–39). During this altercation, Distefano hit the alarm to signal another "code 33," and both Distefano and Pedre falsely claimed that Plaintiff threw the television at Pedre. (*Id.* ¶ 40).

## II.  LEGAL STANDARD

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler*, 578 F.3d at 210–11. But, the court should disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This requires more than a mere allegation of an entitlement to relief. *Id.* "A complaint has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

### III. ANALYSIS

After reviewing the arguments raised by both parties, Count One of Plaintiff's Complaint must be dismissed, but Plaintiff's claim under Count Three will allowed to proceed.

####    a. Count One- Failure-to-Protect Claim

Count One raises a failure-to-protect claim against numerous Defendants. As discussed above, all of the Defendants pertinent to Count One have been dismissed except for Defendant Bartowski. Although the Court's Order of September 7, 2011 was not entirely clear on this issue, Count One should be dismissed against Defendant Bartowski for the same reasons that the other Defendants were dismissed from this case; Plaintiff has not alleged any personal acts by Bartowski as it relates to Count One that would indicate personal involvement. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge or acquiescence."). In addition, Plaintiff has failed to adequately plead that the inmate who attacked Plaintiff posed a "substantial risk" to Plaintiff. This is also fatal to his claim.

In order to properly state a failure-to-protect claim under 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution, an inmate must allege, *inter alia*, that a prison official was aware of facts from which an inference could be drawn that there existed a substantial risk of serious harm and that the prison official drew that inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff has not alleged any fact or set of facts that indicate that Defendant Bartowski actual drew an inference that Plaintiff was in substantial risk of serious harm. Plaintiff merely alleges that Bartowski "failed to acknowledge or should have known Williams [*sic*] propensity to attack other prisoners for unknown reasons. [Bartowski] had copies

of prisoner Williams' classification file that Williams[] had a history of assaulting others in the past." (Compl. Count One). This is not enough to establish a claim for failure-to-protect under the Eighth Amendment. Such a claim requires both an objective and subjective component. *See Farmer*, 511 U.S. at 837 (rejecting a purely objective test). Here, there is no allegation that Bartowski subjectively knew that an attack of Plaintiff would take place. Therefore, Count One must be dismissed

      b.  Count Three- Retaliation

Count Three raises claims against all three Prison Officials for retaliation as a result of Plaintiff filing a grievance and a Notice of Claims with the New Jersey Attorney General's office. The Prison Officials make three arguments as to why this claim should be dismissed: first, they argue that Plaintiff has failed to plead administrative exhaustion; second, they argue that the conspiracy claim must be dismissed because Plaintiff has not pled facts sufficient to make a conspiracy claim plausible; and third, they argue that Plaintiff cannot recover for mental anguish because he has alleged no physical injury.

The Prison Officials' first argument is unavailing. Pursuant to 42 U.S.C. § 1997e(a), a currently incarcerated prisoner must exhaust all available administrative remedies with the prison before filing suit against its officers. *See, e.g., Porter v. Nussle*, 534 U.S. 516, 524 (2002). However, the United States Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). On a Rule 12(b)(6) motion, a district court may take into consideration an affirmative defense if such a defense "presents an insuperable barrier to recovery by the plaintiff." *Flight Sys. v. Elec. Data Sys. Corp.*, 112 F.3d 124, 127 (3d Cir. 1997) (citing *Continental Collieries v. Shober*, 130 F.2d 631, 635–36 (3d Cir. 1942)). This defect in the plaintiff's claim, however, must "appear on the face

of the pleading." *Cont'l Collieries*, 130 F.2d at 635–36; *see also Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997); *Brody v. Hankin*, 145 F. App'x 768, 771 (3d Cir. 2005) (stating that this requirement is "critical"). When a Rule 12(b)(6) motion is based on an affirmative defense, a fact that is left out of the complaint but that is necessary proof required to prevail on the basis of that affirmative defense will be fatal to the defendant's motion. *See, e.g., Dragotta v. W. View Sav. Bank*, 395 F. App'x 828, 831 (3d. Cir. 2010). Because nothing appears on the face of the pleading to definitively indicate that Plaintiff failed to exhaust his administrative remedies, disposing of Count Three on this basis would be premature at this juncture.

The Prison Officials next argue that Plaintiff has failed to state a claim under 42 U.S.C. § 1985 because he has failed to plead specific facts indicative of a conspiracy. The Court agrees. "Civil rights conspiracy claims that are based only on suspicion and speculation instead of fact do not state a claim." *Jackson v. Gordon*, 145 F. App'x 774, 778 (3d Cir. 2005) (citing *Young v. Kann*, 926 F.2d 1396, 1405 (3d Cir. 1991)). Plaintiff has provided no facts that make it plausible that a conspiracy existed; Plaintiff's allegations are based on mere conjecture and are conclusory in nature. (*See* Compl. ¶¶ 37–38). Moreover, Plaintiff's § 1985(3) claim is untenable because "actionable conspiracy claims pursuant to 42 U.S.C. § 1985(3) must include an allegation that the conspiracy was motivated by race or class-based invidious discrimination." *Jackson*, 145 F. App'x at 778 (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)). Such an allegation is lacking in this case.

Although Plaintiff has not validly pled a conspiracy claim under § 1985, the Court will not dismiss Count Three of the Complaint. Rather, reading Plaintiff's Complaint broadly and liberally, *see, e.g., Erickson v. Pardus*, 551 U.S. 89 (2007), the Court believes that Count Three is a claim of a retaliation brought pursuant to 42 U.S.C. § 1983 for Plaintiff's exercise of his First

Amendment rights. *See, e.g., Pelzer v. Shea*, No. 11-4644, 2012 U.S. App. LEXIS 6059, at *4 (3d Cir. Mar. 23, 2012) ("A prisoner alleging retaliation in violation of the First Amendment must show (1) that he engaged in constitutionally protected conduct; (2) that an adverse action was taken against him by prison officials sufficient to deter him from exercising his constitutional rights; and (3) that there is a causal link between the exercise of his constitutional rights and the adverse action taken against him."); *see also Crosby v. Piazza*, No. 11-1176, 2012 U.S. App. LEXIS 4084, at *9–12 (3d Cir. Feb. 29, 2012) (reversing dismissal of claim alleging retaliation under § 1983 for filing an administrative complaint). The fact that Plaintiff has not specifically identified the First Amendment as a basis for his claims is not fatal in light of his status as a *pro se* litigant. Moreover, Plaintiff has identified the Fourteenth Amendment as a basis for his retaliation claim, (*see* Compl. n.2), which has incorporated the First Amendment as it applies to the states, *see Gitlow v. New York*, 268 U.S. 652, 666 (1925). Therefore, the Court reads Count Three of the Complaint as also raising a claim under § 1983.

      The final argument raised by the prison officials is that Plaintiff may not recover for mental anguish under Count Three of the Complaint because he has not suffered a physical injury. While this is a correct recitation of the law, *see* 42 U.S.C. § 1997e(e), Plaintiff is still able to recover for nominal damages, which need not be specifically alleged in a complaint. *See, e.g., Nelson v. Horn*, 138 F. App'x 411, 413 n.3 (3d Cir. 2005). This argument, therefore, does not provide an appropriate basis on which to fully dismiss Count Three. Thus, this claim may proceed at this time.

## IV.     CONCLUSION

For the reasons stated above, the Prison Officials' motion will be granted in part and denied in part. An appropriate Order will follow.

*/s/ Anne E. Thompson*
ANNE. E. THOMPSON, U.S.D.J.

Date: April 19, 2012