RECEIVED
JUL 1 2 2012
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| David NASH, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF NEW JERSEY, et al., <br><br> Defendants. | Civ. No. 11-3409 <br><br> Memorandum Order |

THOMPSON, U.S.D.J.

This matter has come before the Court on the previously-dismissed Defendant the State of New Jersey's ("the State") Motion to Quash a Subpoena Duces Tecum [Docket # 17] served upon non-party New Jersey Department of Corrections. The State argues that this subpoena should be quashed because it seeks the disclosure of certain Defendants' personnel files that are confidential under New Jersey state law and because this information is subject to the discovery process. Plaintiff, a currently incarcerated prisoner in the New Jersey state prison system, has not submitted an opposition to this motion.

A copy of the proposed subpoena is not on the docket of this case, although the State's counsel represents that the subpoena seeks the following: (1) an inmate face sheet and progress notes for inmate Charles Williams; (2) pay statements from September 1, 2010 to the present for inmate Charles Williams; (3) adjudication documents relating to the incident on October 10, 2010; (4) personnel files for the individual prison official Defendants; and (5) surveillance photos of the incident on October 10, 2010. (Defs.' Br. at 2).

Pursuant to Federal Rule of Civil Procedure 45, a subpoena must be quashed or modified when, among other things, the subpoena "requires disclosure of privileged or other protected

1

matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). Here, the subpoena at issue apparently seeks disclosure of personnel files that may contain confidential information. *See* State of New Jersey Executive Order No. 21. Moreover, this subpoena may contain information that is no longer relevant to Plaintiff's case, as Count One of the Complaint has previously been dismissed. *See* (Opinion and Order of Apr. 19, 2012) [22, 23]. The Court also notes that the parties have not yet held an initial discovery conference in this case. Therefore, Plaintiff's subpoena will be quashed without prejudice to re-serving an appropriate subpoena in accordance with an orderly discovery process if deemed appropriate and relevant to this litigation. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court.").

Accordingly, it is on this 11th day of July, 2012,

ORDERED that Defendants' Motion to Quash [17] is GRANTED; and it is

ORDERED that the subpoena duces tecum served on non-party New Jersey Department of Corrections is QUASHED without prejudice to possible re-service if deemed relevant and appropriate at a later time in accordance with an orderly discovery process.

/s/ Anne E. Thompson
ANNE. E. THOMPSON, U.S.D.J.