NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| David L. NASH,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>        Defendants. | Civ. No. 11-3409<br><br>OPINION |

THOMPSON, U.S.D.J.

I.  INTRODUCTION

This matter has come before the Court upon the Motion to Dismiss for Failure to File an Affidavit of Merit filed by Defendant Chenna G. Reddy ("Reddy"). (Docket Entry No. 30). Plaintiff David L. Nash ("Nash") opposes the motion. (Docket Entry Nos. 37, 38). The Court has decided the matter upon consideration of the parties' written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons given below, Reddy's motion to dismiss is granted.

II.  BACKGROUND

This case concerns the adequacy of medical treatment Nash received while incarcerated. On October 10, 2010, Nash, a prisoner at New Jersey State Prison, was attacked by another prisoner. (Docket Entry No. 1 at ¶ 20). The attack left Nash with "cuts and lacerations on his body and his face, as well as multiple bruises and welling on his face, body, left temple [and] left temple" that left his left eye swollen closed. (*Id.* at ¶ 27). He was treated with Motrin and ice

1

and spent five days in the infirmary where a number of medical tests were performed, including an EKG and tests to monitor his blood pressure. (*Id*. at ¶¶ 28-30).

On December 1, 2011, Nash was seen by an ophthalmologist for an eye examination. (*Id*. at ¶ 31). The ophthalmologist recommended that prison medical personnel schedule an appointment for Nash at the ophthalmologist's office in order to further examine Nash. (*Id*.) Nash alleges that Reddy, who is "responsible for formulating directives and policies for [the] operation of the medical programs within the Department of Corrections . . . and the University of Medicine and Dentistry of New Jersey," did not respond to the ophthalmologist's request. (*Id*. at ¶¶ 18, 32).

On June 14, 2011, Nash initiated this lawsuit by filing a complaint ("Complaint") which asserts claims against a number of defendants for breach of the duty to protect, failure to administer adequate medical remedy, and retaliation. (Docket Entry No. 1). Reddy is charged only with failing to administer adequate medical remedies. (*Id*. at ¶¶ 27-33). On January 24, 2013, Reddy filed a motion to dismiss the claim against him, arguing that dismissal is required because Nash did not serve him with an affidavit of merit. (Docket Entry No. 30). For the reasons set forth below, Reddy's motion to dismiss is granted.

### III.  ANALYSIS

Under New Jersey law, a plaintiff alleging professional malpractice must substantiate his claims by serving his adversary with an affidavit of merit. N.J.S.A. 2A:53A-27. Specifically, New Jersey law states that

> [i]n any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject

2

>of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

*Id*. The court may grant one 60 day extension. *Id*. If the plaintiff fails to serve an affidavit within 120 days of the filing of the answer, the complaint will be dismissed with prejudice. *F.T.C. v. Hope Now Modifications*, No. 09-1204, 2010 WL 3001985, at *3 (D.N.J. July 27, 2010) ("[F]ailure to deliver an adequate affidavit of merit within the statutory time period is considered tantamount to failing to state a cause of action upon which relied can be granted . . . ."); *Palanque v. Lambert-Woolley*, 168 N.J. 398, 404 (2001) (citing *Cornblatt v. Barow*, 153 N.J. 218, 247 (1998)).

There are three exceptions to the affidavit requirement. *Mathis v. Pomerentze*, No. 08-6129, 2012 WL 6152126, at *2 (D.N.J. Dec. 11, 2012). First, a plaintiff's failure to produce an affidavit of merit is excused if the plaintiff substantially complied with the statute. *Palanque*, 168 N.J. at 405. This exception is used by courts to "avoid technical defeats of valid claims" and requires "(1) the lack of prejudice to the defending party; (2) a series of steps to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim, and (5) a reasonable explanation why there was not a strict compliance with the statute." *Id*.; *see also Galik v. Clara Maass Med. Ctr.*, 167 N.J. 341, 353 (2001).

Second, failure to produce an affidavit of merit does not require dismissal when noncompliance with the statute was the result of extraordinary circumstances. *Barreiro v. Morais*, 318 N.J. Super. 461, 471 (N.J. Super. App. Div. 1999). "Courts have not articulated a bright line test for the extraordinary circumstances exception, but instead have conducted a fact-intensive case-by-case analysis which focuses on the significance of the plaintiff's impediment to filing the Affidavit of Merit." *Mathis*, 2012 WL 6152126, at *3 n.7. However, "[c]arelessness, lack of circumspection, or lack of diligence on the part of counsel are not extraordinary

circumstances which will excuse missing a filing deadline." *Palanque*, 168 N.J. at 404 (citing *Burns*, 326 N.J. Super. at 270).

Finally, a plaintiff need not produce an affidavit of merit if it is common knowledge that the alleged conduct constitutes negligence. *Est. of Chin v. St. Barnabas Med. Ctr.*, 734 A.2d 778, 785-86 (N.J. 1999). Under the common knowledge exception, a plaintiff need not serve an affidavit of merit if the negligence of the professional is "readily apparent to anyone of average intelligence and ordinary experience." *Id.*, 734 A.2d at 785-86. Negligence is readily apparent to a person of average intelligence and ordinary experience when "jurors can use their common knowledge as laypersons to determine the negligence of the defendant without the benefit of specialized testimony from an expert witness." *Mathis*, 2012 WL 6152126, at *2; *Hubbard v. Reed*, 168 N.J. 387, 398 (N.J. 2001).

Generally, the common knowledge exception applies in cases where "medical care was ordered and prescribed by 'treating specialists' and then, due to alleged negligence, that care was not rendered or completed in a timely manner." *Bryan v. Shah*, 351 F. Supp. 2d 295, 301 (D.N.J. Jan. 10, 2005) (common knowledge exception did apply where defendant failed to complete an the treating doctor's order for lab tests). However, failure to comply with a treating doctor's mere recommendation does not fall within the common knowledge exception. *Szemple v. Correctional Med. Servs., Inc.*, No. 07-4809, 2012 WL 161798, at *9 (D.N.J. Jan. 19, 2012) (common knowledge exception did not apply where the defendants refused to refer the plaintiff for a spinal fusion surgery evaluation as recommended by a physician).

In his submissions to the Court, Nash does not deny Reddy's contention that an affidavit of merit was never served. (*See* Docket Entry Nos. 37, 38). As such, absent an exception to the

affidavit of merit requirement, Nash's medical malpractice claim against Reddy must be dismissed with prejudice.

Finding no facts to support application of the substantial compliance or extraordinary circumstances exceptions, the Court considers whether Nash's claim falls under the common knowledge exception. First, allegations that Nash's treatment immediately following the attack was insufficient cannot be evaluated using common knowledge alone. This is precisely the kind of claim that would require medical testimony. *Compare Mathis*, 2012 WL 6152126, at *2 (common knowledge exception does not apply where the plaintiff was not kept on blood thinners), *with Hubbard v. Reed*, 168 N.J. 387, 398 (N.J. 2001) (common knowledge exception does apply where defendant removed the wrong tooth).

Furthermore, allegations that Reddy negligently failed to respond to the ophthalmologist's recommendation that Nash be examined in the ophthalmologist's office also do not fall under the common knowledge exception. According to the Complaint, this was not an instance in which Reddy withheld medication or treatment prescribed by a treating physician. Instead, Reddy merely did not follow the ophthalmologist's recommendation that another examination be scheduled. As such, this case is similar to *Szemple* in which the common knowledge exception did not apply to a claim that the defendants acted negligently in refusing to refer the plaintiff for a spinal fusion surgery evaluation as recommended by a physician. Therefore, based on the pleadings, Nash's medical malpractice claim against Reddy does not fall within any of the exceptions to the affidavit of merit requirement, and the claim is dismissed with prejudice.

## IV.  CONCLUSION

For the foregoing reasons, the Reddy's motion to dismiss is granted and all claims against Reddy are dismissed with prejudice.  An appropriate order will follow.

                                        */s/ Anne E. Thompson*
                                        ANNE E. THOMPSON, U.S.D.J.

Date: March 13, 2013